UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTRA PIRACY,

    Plaintiff,

v.

DOES 1-2919

    Defendants.
_____/

No. C-13-01133 EDL

ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Pending before the Court are Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to Rule 26(f) Conference and Plaintiff's Ex Parte Application for Extension of Time to Serve Complaint on Doe Defendants and to Conduct the Initial Case Management Conference. Because there are serious questions regarding Plaintiff's standing to sue for copyright infringement in light of the Ninth Circuit's recent decision in *Righthaven LLC v. Hoehn*, Case No. 11-16751, 2013 U.S. App. LEXIS 9413 (9th Cir. May 9, 2013), which expanded on the court's holding in *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005), the Court DENIES Plaintiff's applications at this time. The Court further ORDERS Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff is a Swiss association that provides counter-piracy services for copyright owners that are members and part-owners of the association. (Compl. ¶ 6.) These members provide Plaintiff with an "exclusive, *limited* assignment of the copyright or copyrights owned by the member" and direct Plaintiff to "engage in judicial and extra-judicial enforcement actions against infringements of the copyright or copyrights on an international basis." (Pl.'s Ex Parte App. for Leave to Take Limited Disc. at 1, Dkt. 6 (emphasis added).)

On March 3, 2013, Plaintiff sued 2,919 Doe Defendants for copyright infringement. Procedurally, Plaintiff brings this case as a defendant class action under Federal Rule of Civil Procedure

23(b)(1) and (3). (Compl. ¶ 9.) Substantively, Plaintiff alleges that Defendants illegally copied and distributed the film "Things Fall Apart" using the peer-to-peer BitTorrent protocol. (Compl. ¶ 3.) Plaintiff further alleges that although the true names and identities of Defendants are unknown, it has identified Defendants' Internet Protocol (IP) addresses. (Compl. ¶ 7.) According to Plaintiff, Defendants are liable for copyright infringement, contributory copyright infringement, and vicarious copyright infringement. (Compl. ¶¶ 16-26.) Plaintiff seeks actual or statutory damages, costs and attorney's fees, and injunctive relief.

Soon after filing the Complaint, Plaintiff filed an ex parte application for leave to take limited discovery to uncover Defendants' identities. (Dkt. 6.) Plaintiff seeks an order permitting it to subpoena sixty-one Internet Service Providers ("ISPs") to obtain the names, addresses, telephone numbers, and email addresses behind the 2,919 IP addresses it has identified. (Compl. ¶ 7; Dkt. 6 at 12.) Plaintiff states that without this information, it cannot pursue its lawsuit.

Plaintiff also filed an ex parte application for extension of time to serve the Complaint and hold an initial case management conference. Plaintiff believes an extension of time is necessary to "serve the Complaint on the Doe Defendants, attempt to settle its claim with Doe Defendants, and to form the Defendant class." (Pl.'s Ex Parte App. for Ext. of Time, Dkt. 7.)

## II. Discussion

Generally, a party may not initiate discovery before the parties have met and conferred under Federal Rule of Civil Procedure 26(f). A court may authorize earlier discovery, however, upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether to allow discovery regarding unknown defendants, courts consider whether the requested discovery would uncover the identities sought and whether the claims against the defendants would be dismissed. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Here, it is doubtful that Plaintiff has standing to sue for copyright infringement, and without standing, dismissal would be appropriate. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).[1] As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To be entitled

---

[1] Because the Court is not satisfied that the second *Gillespie* factor is met, the Court does not address whether Plaintiff's requested discovery would uncover Defendants' identities or whether a defendant class action is appropriate in this context.

2

to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.'" *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (citing 17 U.S.C. § 501(b)). These exclusive rights are defined in 17 U.S.C. § 106 and include, for example, the rights to reproduce and distribute a copyrighted work. The right to sue for copyright infringement is not an exclusive right under § 106, and thus the assignment of such a right without the transfer of an associated exclusive right does not confer standing to sue. *Silvers*, 402 F.3d at 884, 890. Recently, the Ninth Circuit held that in assessing whether a plaintiff has been assigned an exclusive right sufficient to confer standing, courts should "look not just at the labels parties use but also at the substance and effect of the contract." *Righthaven LLC v. Hoehn*, Case No. 11-16751, 2013 U.S. App. LEXIS 9413, at *8 (9th Cir. May 9, 2013).

Plaintiff alleges little more than that it has been assigned "enforcement rights" in the work at issue, and these allegations, even if true, do not confer standing. Plaintiff alleges that it is the "exclusive assignee of all enforcement rights and interest worldwide, with the full authority to pursue and prosecute any causes of action with respect to the Work." (Compl. ¶ 5.) Plaintiff likewise alleges that it is "responsible for the enforcement of the copyright in the Work, by agreement and assignment of the enforcement rights in the Work from the copyright owner." (Compl. ¶ 16.) Plaintiff also argues in its application for discovery that "it holds the exclusive enforcement rights in the registered, copyrighted Work" and that this assignment is limited. (Dkt. 6 at 1, 8.) Plaintiff does not explain what it means by "enforcement rights," but they appear to be nothing more than the "bare right to sue" that the Ninth Circuit held insufficient to confer standing in *Silvers* and *Righthaven*.

The remainder of Plaintiff's ownership allegations are vague about what rights Plaintiff actually holds. Plaintiff's allegation that it has been provided "written assignments of copyrights" does not specify what, if any, exclusive rights were transferred. (Compl. ¶ 6.) Plaintiff does also allege conclusorily that it is the holder of "pertinent exclusive rights infringed by Defendants, as alleged hereunder," but does not specify what, if any, exclusive rights it holds within the meaning of § 106. (Compl. ¶ 17.)

Because there are serious questions about whether Plaintiff has standing to sue, the Court denies Plaintiff's applications for early discovery of Doe Defendants and extension of time. Standing is a jurisdictional prerequisite, and this issue should be addressed at the outset, before any discovery or other

3

proceedings. This Court is required to assess Plaintiff's standing *sua sponte*, *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008), and may hear evidence when necessary. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Consequently, the Court orders Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

**III. Conclusion**

For the reasons set forth above, Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to Rule 26(f) Conference and Plaintiff's Ex Parte Application for Extension of Time to Serve Complaint on Doe Defendants and to Conduct the Initial Case Management Conference are denied. Plaintiff is ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction, and to provide the Court with copies of all documents related to Plaintiff's ownership of any rights in the work at issue, including any and all assignment and transfer agreements or other documents that relate to the rights and responsibilities of Plaintiff with regard to the work at issue, by June 14, 2013. Plaintiff may file a brief of not more than 10 pages regarding standing by June 14, 2013. The Case Management Conference set for June 11, 2013 is vacated. The Court will hold a hearing on the order to show cause, if necessary, on June 27, 2013 at 9:00 a.m.

Dated: May 31, 2013

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge