UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTRA PIRACY

       Plaintiff,

      v.

DOES 1-2919

       Defendants.
_____/

No. C-13-01133 EDL

ORDER ON PLAINTIFF'S BRIEF

## I. Introduction

In this BitTorrent copyright infringement case, the Court denied Plaintiff's ex parte motion for early discovery due to serious questions regarding Plaintiff's standing to sue for copyright infringement. (Dkt. 8.) The Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction in light of the complaint's allegations that Plaintiff held only "enforcement rights" in the copyrighted work. (Id.) The Court further ordered Plaintiff to provide the Court "with copies of all documents related to Plaintiff's ownership of any rights in the work at issue, including any and all assignment and transfer agreements or other documents that relate to the rights and responsibilities of Plaintiff with regard to the work at issue." (Id.)

On June 14, 2013, Plaintiff responded to the order to show cause. Plaintiff asserts that it has standing to sue for copyright infringement because it holds the rights to copy and distribute the copyrighted work over the P2P/BitTorrent protocol pursuant to a "Limited, Exclusive Assignment of Copyright Agreement." (Pl.'s Br. at 2.) According to Plaintiff, it therefore owns an exclusive right under 17 U.S.C. § 106. In support of this argument, Plaintiff attaches a declaration from one of its employees and an assignment agreement between Plaintiff and the "de facto owner of the copyright," Hannibal Inc. d/b/a Hannibal Pictures.

It is apparent from Plaintiff's brief, the attached declaration, and the assignment agreement, however, that the assignment is not the only contract between Plaintiff and Hannibal Inc. involving the copyrighted work. All three documents refer to a related member services agreement under which Plaintiff provides "intellectual property rights management to Hannibal Pictures, including counter-piracy services and enforcement of copyrights, of Hannibal Pictures' intellectual property." (Pl.'s Br. at 2; Assignment Agreement at 1; Schneider Decl. ¶ 6.) Plaintiff has not provided the Court with this member services agreement, contrary to the Court's previous order.

The Court ORDERS Plaintiff to provide the Court with the member services agreement and any other documents related to Plaintiff's rights in the copyrighted work by Monday, June 24, 2013. Plaintiff is warned that failure to comply with the Court's order a second time could lead to sanctions, including dismissal.

The Court further ORDERS Plaintiff to file an additional declaration in support of its Brief on Order to Show Cause to address (1) an explanation of Hannibal Pictures's status as the "de facto" owner of the copyright in the work at issue, with emphasis on the qualifier "de facto," and (2) the extent to which the P2P/BitTorrent protocol is used to commercially distribute copyrighted works. This declaration should be filed with the Court no later than June 25, 2013.

**II. Discussion**

Plaintiff's failure to produce the member services agreement raises concerns. First, the Court ordered Plaintiff to provide the Court with "all documents related to Plaintiff's ownership of any rights in the work at issue, including . . . other documents that relate to the rights and responsibilities of Plaintiff with regard to the work at issue." The assignment agreement states on its face that it was made "in conjunction with the member services agreement between Contra Piracy and Assignor." (Assignment Agreement at 1.) The member services agreement and any other pertinent documents should have been produced.

Further, the Ninth Circuit in Righthaven LLC v. Hoehn emphasized that "[w]hen determining whether a contract has transferred exclusive rights, we look not just at the labels parties use but also at the substance and effect of the contract." Case No. 11-16776, 2013 U.S. App. LEXIS 9413, at *8 (9th Cir. May 9, 2013.) There, the plaintiff purported to be the assignee of all rights sufficient for it to enforce the copyrights at issue. Id. at *5. What the plaintiff could actually do with any assigned

1 copyright was sharply limited by a separate agreement. Id. The Ninth Circuit held that the plaintiff
2 lacked standing because the contractual limitations left it with nothing more than the bare right to sue.
3 Id. at *10.

4     This Court therefore cannot assess whether Plaintiff has standing without considering the
5 member services agreement and any other agreement between Plaintiff, Hannibal Inc., or any other
6 entity regarding the copyrighted work.

Dated: June 20, 2013

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

3